ACCEPTED
06-15-00063-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/25/2015 12:39:19 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00063-CR

### IN THE COURT OF APPEALS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/1/2015 9:45:00 AM
DEBBIE AUTREY
Clerk

### SIXTH APPELLATE DISTRICT OF TEXAS

### TEXARKANA TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DESMON JUWON WOODS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Appealed from the 76th District Court

Morris County, Texas

Trial Court No. 10,920 CR

# STATE'S BRIEF

**STEVE COWAN**
State Bar #14912300
Morris County Attorney
500 Broadnax
Daingerfield, TX 75638
(903) 645-2021  Fax: (903) 645-7666

1

**TABLE OF CONTENTS**                                      **Page**

TABLE OF CONTENTS ………………………............... 2

INDEX OF AUTHORITIES …………………............ 3

REPLY TO ISSUE NUMBER ONE………………........... 4

**Sufficient evidence exists to sustain a conviction for Criminal Mischief over $20,000.**

SUMMARY OF STATE'S ARGUMENT…………........... 4

**The evidence follows defendant (literally).**

ARGUMENTS AND AUTHORITIES …… ……........... 4, 10

PRAYER ……………………………………............... 11

CERTIFICATE OF COMPLIANCE ……………............. 12

CERTIFICATE OF SERVICE …………………….......... 12

# INDEX OF AUTHORITIES

**STATUTES**

Penal Code Section 28.03..................................………………………......4

**CASES**

*Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App.2010)*..................4,10

## SUMMARY OF STATE'S ARGUMENT

Legally sufficient evidence exists to support the verdict finding appellant guilty of Criminal Mischief over $20,000 under Penal Code Section 28.03.

## ARGUMENT AND AUTHORITIES

The appellate court reviews all the evidence in the light most favorable to the verdict in reviewing the legal sufficiency of the evidence. *Brooks v. State,* 323 S.W. 3d 893, 912 (Tex.Crim.App.2010).

The question is--

Could any rational jury have found Desmon Woods guilty of intentionally or knowingly destroying tangible property of Alice Bullock (her chicken houses)?

**Alice Bullock** said she discovered on December 24, 2012, that her chicken houses had been stripped of copper wire sometime between the middle of November and Christmas Eve, 2012. 3 RR 140,

The copper electrical wire had been ripped off the wall and drug out the back door. 3 RR 143.

4

She and Deputy Stroman followed a trail of foam insulation from her houses to a neighbor's house at 585 CR 1231. 3 RR 145.

**Deputy Hershel Stroman** said the neighbor was Desmon Woods. The deputy knew Woods personally and knew he lived there at 585 County Road 1231.

In Woods' back yard was a burn pile with pieces of foam insulation in it. 3 RR 60-65.

Deputy Stroman went to Daingerfield Iron and Metal and discovered Woods had just been there on December 24th and sold a different type of copper than was ripped out of the chicken houses. 3 RR 67. However, Stroman had the owner, Mike Rice, pull *ten* earlier receipts for the month between November 20th and December 20th.

Those documents showed Woods selling Rice #1 copper numerous times during that time period. Copper exceeding 300 pounds was bought by Rice from Woods during that 30 day period. 3 RR 4-77.

Appellant correctly recites the basic facts in his Statement of the Case; however, for obvious reasons, appellant downplays the significance of the exhibits introduced by the State.

**STATE'S EXHIBITS 24-33**

On November 20th Woods sold 142 pounds of #1 copper.

The next day he sold 75 pounds.

Two days later he sold 24 pounds.

The next day he sold 4 pounds.

Six days later, he sold 17 pounds.

Two weeks later, he sold 12 pounds.

Two days later, he sold 24 pounds.

Then 3 days later, he sold 2 pounds.

The next day, he sold 5 pounds.

Then 2 days later on December 20th, he sold 10 more pounds.

Unfortunately for Mr. Woods, he produced his driver's license to be photocopied as an ID to the scrap yard. Plus, Woods signed his name.

It was really not necessary, since Mr. Rice knew Mr. Woods anyway. 3 RR 123.

Particularly harmful to the defense, was the description of the seller's truck written on the receipt for November 30: Grey truck, License Plate AU22120. Exhibit 24.

The foam trail led from the chicken houses through the woods approximately 900 yards to the back yard of Desmon Woods' residence. Exhibit 19-24. Google Earth photograph, Exhibit 41.

The address on the driver license of Woods was 585 CR 1231. Exhibits 24-31.

The burn pile was at 585 CR 1231. Exhibit 20.

The grey pickup with license plate number AU22120 was in the carport next to the burn pile. Exhibit 28. On one occasion, that same truck delivered the stolen copper to the scrap yard. Exhibit 24.

In Woods' backyard was a burn pile with yellow foam insulation matching the foam insulation inside Alice Bullock's chicken houses. Exhibit 20, The same foam had been sprayed over the wiring that had been ripped out of her chicken houses. Exhibit 9-24.

Stroman testified insulation is burned off electric wire before it's sold. 3 RR 58.

**Randy Acker**, a chicken house builder, said the criminal mischief to the chicken houses exceeded $27,000. 3 RR 112-116. He said approximately 4000 feet of copper electrical wire was stripped from each of the four chicken houses. 3 RR 116. The repairs to the four houses exceeded $6000 each. 3 RR 113.

**Mike Rice**, the owner of the scrap yard, said the copper he purchased from Woods was #1 copper. 3 RR 105. (Except the copper cable he purchased from Woods on December 24th was different ). 3 RR 135, Exhibit 34.

All Rice purchased from Woods was 100% copper. 3 RR 106.

Rice said #1 copper was solid copper or copper tubing without solder joints. 3 RR 130.

All the purchased copper was more than 50% copper. 3 RR 130.

The defense admitted the wire stolen from the chicken houses was all #1 copper. 3 RR 30.

**Metals Registration Receipt**

Mike Rice produced a Metals Registration Receipt which is required by the State of Texas. This receipt indicated Woods sold Rice over 400 pounds of copper from November 16 to December 24, but almost nothing the two months prior to the chicken houses being stripped. Exhibit 24.

In sum, the evidence is overwhelming to show, circumstantially and directly through testimony, photographs and receipts, that Desmon Woods damaged his neighbor's chicken houses when he stripped the

wire from it, dragged it to his backyard, burned the insulation off and sold the wire to Mike Rice. Rice documented ten purchases from Woods during the period that the vandalism and theft took place.

**Desmon Woods left a trail of foam and documents that prove his guilt**.

## STANDARD OF REVIEW

In reviewing the legal sufficiency of the evidence, this court reviews all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. Brooks v. State, 323 S.W.3d 893. 912 (Tex.Crim.App.2010)

**CONCLUSION ON ISSUE ONE**

The verdict was true. The trial court should be affirmed.

**PRAYER**

The State urges the Court to affirm the trial court.

The evidence clearly was sufficient to prove Woods' guilt..

Respectfully Submitted,

/s/*Steve Cowan*_____

**STEVE COWAN**
Morris County & District Attorney
500 Broadnax
Daingerfield, Texas 75638
(903) 645-2021, Fax (903) 645-7666
e-mail steve.cowan@co.morris.tx.us
State Bar #04912300
ATTORNEY FOR THE STATE

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1193 words according to the computer program used to prepare this brief.

/s/*Steve Cowan*_____
STEVE COWAN

## CERTIFICATE OF SERVICE

A copy of this brief was e-mailed to Ebb Mobley, P. O. Box 2309, Longview, TX 75606 on the 25th day of November, 2015.

/s/*Steve Cowan*_____
STEVE COWAN